[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
On April 6 1997 the plaintiff commenced a suit against the defendant in the Small Claims Session of the Superior Court, G.A. #6, for $2500 in back wages.[1] On June 25, 1997, the defendant appeared by counsel, filed an answer denying the allegations in the complaint, and moved to transfer this matter to the regular docket. The plaintiff, representing herself, filed an objection, to no avail. Since then the plaintiff, proceeding pro se, has had great difficulty navigating our sometimes convoluted rules of practice. She has filed a number of amended complaints, several unsuccessful motions to cite in an additional party, and at least four motions for default for failure to plead which have been denied because of the existence of the defendant's original answer.
Finally, on July 13, 1998, the plaintiff filed an application for prejudgment remedy, seeking to secure the sum of $5118.40, which is double the original amount claimed in her small claims writ, pursuant to the provisions of Conn. Gen. Stat § 31-72. The application was originally scheduled for hearing on August 17, 1998. The plaintiff appeared and was ready to proceed. Counsel for the defendant, though duly notified per CT Page 11852 the printed calendar, did not appear. The court marked the matter over as courtesy to non-appearing counsel and had the clerk contact the attorney's office to notify him of the new hearing date. On August 19, 1998, counsel for defendant filed a written Objection to Application for Prejudgment Remedy, arguing that there was no real estate of the defendant subject to attachment in the State of Connecticut.
On September 1, 1998, the plaintiff again appeared in court for the scheduled PJR hearing, and counsel for the defendant did not attend. The court allowed the plaintiff to proceed with her evidence. She took the witness stand, swore the oath, and testified credibly that she had worked for the defendant in 1995 and was due back wages in the sum of $2559.20. A coworker also testified that he was aware that she had worked for the defendant during the period in question.
The court found that the plaintiff had made the required showing under Conn. Gen. Stat. § 52-278d and entered an order for prejudgment remedy in the sum of $5118.40. Notice of the order was duly sent to defendant's counsel on September 1, 1998.
Previously on June 24, 1998, the plaintiff had also filed a Motion for Summary Judgment. In an effort to clean up the loose ends in the file and get the case placed on a list for trial, the court specially assigned the Motion for Summary Judgment for hearing. Both the plaintiff and the attorney for the defendant appeared in court on September 14, 1998, and argued the motion.
In opposing me motion, the defendant relies solely on an Objection to Motion for Summary Judgment filed on July 21, 1998, which argues that summary judgment cannot be granted if the pleadings are not closed. This, of course, is not the law. Conn. Prac. Book § 17-44 states, "[i]n any action . . . any party may move for a summary judgment at any time . . ."[2]
The Practice Book also provides that after each side is given the opportunity to file appropriate documentary evidence, such as affidavits, written admissions, and other documentary proof such as testimony under oath, Conn. Prac. Book § 17-45, the judgment sought shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Conn. Prac. Book CT Page 11853 § 17-49.
On September 15, 1998, this court filed the following interim memorandum, a copy of which was duly sent to the plaintiff and to counsel for the defendant on September 17, 1998:
 MEMORANDUM RE SUMMARY JUDGMENT The parties argued the plaintiff's Motion for SummaryJudgment before the court on September 14, 1998. As part of thesubmission, the parties are hereby notified that the court intendsto take notice of the evidence and sworn testimony offered by theplaintiff in open court on September 1, 1998, when this court heardplaintiff's Application for Prejudgment Remedy.
Should either party wish to file further documentation,the court will receive it on or before September 28, 1998, afterwhich the Motion for Summary Judgment will be considered fullysubmitted and ruled on by the court.
Patty Jenkins Pittman, Judge
The deadline of September 28, 1998, has come and gone. The court has before it the affidavits in support of summary judgment submitted by the plaintiff, and more importantly the testimony of which the court has taken notice. There exists no sworn statement by the defendant or anyone competent to offer knowledgeable evidence on his behalf. All that exists to oppose summary judgment is the defendant's legal argument and the unsworn assertions of the defendant and his counsel that he does not owe $2559.20 in back wages to the plaintiff. These are not sufficient to defeat summary judgment.
Therefore the court finds that there is no genuine issue of material fact and grants the plaintiff's Motion for Summary Judgment.
Judgment shall enter as follows:
Compensatory damages: $2559.20
Double damages per § 31-72: $2559.20
Interest pursuant to Conn. Gen. Stat. § 52-192a (Offer of Judgment of November 13, 1997, for $1600, retroactive to April CT Page 11854 16, 1997): $928.03.
Judgment shall enter for plaintiff in the total of the above sum — $6046.43 — plus costs.
Patty Jenkins Pittman, Judge